**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

Gwendolyn Mingo,
Brush Park Citizens District Council, and
Coordinating Council for Community Redevelopment,

    Plaintiffs,[1]

                                  Case No. 07-15208

v.

                                  HONORABLE DENISE PAGE HOOD

City of Detroit, et al.,

    Defendants.
_____/

## ORDER GRANTING DTE'S MOTIONS TO DISMISS

**I.    INTRODUCTION**

This matter is before the Court on DTE Energy Company's ("DTE") Motion to Dismiss or Alternatively, For More Definite Statement, [Dkt. #10, filed February 22, 2008]. Plaintiff Mingo filed a responsive brief ("Plaintiff's Response") [Dkt. #72, filed May 20, 2008]. This matter is also before the Court on Plaintiff Mingo's Motion to Restrain DTE From Disconnecting Plaintiff's

---

[1] As a threshold matter, the Court notes that Plaintiff Gwendolyn Mingo is entitled to represent herself personally in this action. 28 U.S.C. § 1654. However, there is no indication that she is an attorney licensed to practice law. It is well settled that a *pro se* litigant, who is not an attorney, cannot represent other parties in the litigation. *See id.* ("parties may plead and conduct their own cases [in federal court] personally or by counsel"); *see also Doherty v. American Motors, Co.*, 728 F.2d 334, 340 (6th Cir.1984). Therefore, the Court does not have jurisdiction to hear the claims of the Brush Park Citizens' District Counsel and the Coordinating Counsel for Community Redevelopment, and those claims are dismissed without prejudice.

Utilities [Dkt. #69, filed May 9, 2008]. DTE filed a responsive brief ("DTE's Response") [Dkt. #76, filed June 2, 2008]. A hearing for the motions was held on April 30, 2008, May 5, 2008, and June 18, 2008.

## II.     FACTS

This lawsuit arises out of Plaintiff's dissatisfaction with two events: 1) the City of Detroit's redevelopment of her neighborhood, Brush Park; and 2) the foreclosure proceedings[2] associated with her home. After the June 30, 2006 death of Plaintiff Gwendolyn Mingo's husband, she began to fall behind in making her mortgage payments. She also began to fall behind in making payments to other creditors, including DTE. On April 17, 2007, Plaintiff Mingo initiated Chapter 7 Bankruptcy Proceedings. *In re Gwendolyn Mingo*, No. 07-47529 (Bankr. E.D. Mich.) (Tucker, J.). On February 5, 2008, the Bankruptcy Court granted Plaintiff Mingo a discharge under 11 U.S.C. § 727. Thereafter, JP Morgan Chase Bank NA initiated foreclosure by advertisement proceedings on Plaintiff Mingo's home.

Plaintiff Mingo's dissatisfaction with the redevelopment of her neighborhood has been at the heart of at least two prior lawsuits. Plaintiff Mingo and others filed suit against most of the City Defendants in this case in the Wayne Circuit Court, on April 21, 2000. *Mingo et al. v. City of*

---

[2]On April 21, 2008, the Court granted Plaintiff Mingo's request for temporary relief, which barred Defendant Chase Bank from completing the foreclosure of her home mortgage on or before April 30, 2008. (*See* Dkt. #56.) On May 9, 2008, the Court enjoined Defendant Chase Bank from foreclosing on the home mortgage of Plaintiff Mingo during the pendency of this action. (*See* Dkt. #68, Order Enjoining Foreclosure By Advertisement.) Chase Bank stipulated to the Order. (*Id.* at 1.)

*Detroit*, No. 00-013030 (MacDonald, J.). The Fourth Amended Class Complaint for the action was filed on May 28, 2004, and alleged, among other things, that the City of Detroit's Brush Park Redevelopment Plan caused a decline in their property values. The action was dismissed on April 19, 2006 upon the defendants' motion for summary disposition. In addressing Plaintiff Mingo's specific takings claim, the court noted that the value of her home had actually increased as a result of the Brush Park Redevelopment Plan. The Michigan Court of Appeals affirmed the decision of Judge MacDonald in an eleven-page unpublished June 17, 2008 opinion.

On September 16, 2005, while the action before Judge Kathleen MacDonald was in the midst of litigation, Plaintiff Mingo filed suit against the City of Detroit in the Eastern District of Michigan. *Mingo v. City of Detroit*, No. 05-73572 (Taylor, J.). The complaint alleged takings violations under federal and state law. Plaintiff alleged that the City of Detroit's Brush Park Redevelopment Plan, which called for the re-opening of Watson Street, the street on which Plaintiff Mingo lives, interfered with her right to live in the peace and enjoyment of a historic district. The defendant's motion to dismiss, among other things, maintained that Plaintiff Mingo's federal action mirrored the state action. Judge Anna Diggs Taylor dismissed the action on November 21, 2005.

In the instant suit, Plaintiff Mingo again alleges that the City of Detroit caused the depreciation of her property value and failed to provide her with grants, because she is African-American. Plaintiff Mingo initiated this action on December 6, 2007. She filed an Amended Complaint on December 12, 2007. She filed a Second Amended Complaint on January 22, 2008.

When reviewing *pro se* complaints, a court must employ standards less stringent than if the complaint had been drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the "duty to be less stringent with *pro se* complaint[s] does not require [a] court to conjure up unplead allegations." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Accordingly, the Court liberally construes Plaintiff Mingo's allegations – without creating new ones for her. *See id.*

With respect to DTE, the Second Amended Complaint alleges, among other things, that DTE violated the Federal Fair Creditor's Act and the Truth in Lending Act by overcharging her for gas and electric consumption and attempting to disconnect her utility services. Plaintiff Mingo subsequently filed a Motion to Restrain DTE From Disconnecting Plaintiff's Utilities [Dkt. #69, filed May 9, 2008], which the Court construes as a motion for preliminary injunction. The Motion to Restrain DTE prays for the Court to enjoin DTE from removing her utility meters or disconnecting her utility services during the pendency of this action. Notably, Plaintiff Mingo also prays for an order enjoying DTE from disconnecting the services of *any* Detroiter during the pendency of this action. Plaintiff Mingo seeks to enjoin DTE from disconnecting the utility services of *any* Detroiter not only during the pendency of this case, but also during the pendency of the utility rate investigations that she requests in the motion.

DTE maintains that DTE should be dismissed from the action, because the Second Amended Complaint and the Motion to Restrain DTE fail to allege facts to show that DTE's actions violated

the Federal Fair Creditor's Act[3] or the Truth in Lending Act. DTE further maintains that it did not overcharge Plaintiff Mingo for gas and electric service. DTE contends that Plaintiff Mingo is not the victim of any DTE wrongdoing, but that, instead, she has consistently failed to pay her utility bills.

## III. STANDARD OF REVIEW

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6), where a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) dismissal is appropriate where a plaintiff cannot establish any set of facts that would entitle him to the relief sought. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). In ruling on a Rule 12(b)(6) motion, a court must construe the complaint liberally in plaintiff's favor and accept as true all factual allegations and permissible inferences therein. *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1), where the court lacks subject matter jurisdiction over a plaintiff's claim. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) factual attack does not challenge the sufficiency of the pleadings; rather, it challenges the factual existence of subject matter jurisdiction. *U.S. v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A Rule 12(b)(1) factual attack analysis does not require a presumption of truthfulness with respect to the facts alleged in the complaint. *Id.* Courts should review 12(b)(1) challenges before others.

---

[3]The Court construes Plaintiff Mingo's reference to the Federal Fair Creditor's Act as a reference to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

*Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 450 (6th Cir. 1988).

When reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987)). In other words, "the lenient treatment generally accorded to *pro se* litigants has limits," and *pro se* litigants are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

**IV.   ANALYSIS**

The Court concludes that Plaintiff Mingo has failed to state a Fair Debt Collection Practices Act claim against DTE. The Fair Debt Collection Practices Act ("FDCPA") was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e; *see also Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003). A "debt collector" under the FDCPA is one who either: 1) conducts a business, the principal purpose of which is the collection of any debt; or 2) regularly collects or attempts to collect to debts owed to another. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 408 n.18 (6th Cir. 1998) (citing 15 U.S.C. § 1692a(6)). Plaintiff Mingo fails to state a FDCPA claim against DTE, because she has not

alleged any facts to suggest that DTE is a "debt collector" under the FDCPA; she has not alleged facts to show that DTE's primary purpose is to collect debt, or that DTE regularly attempts to collect debts owed to others. Accordingly, Plaintiff Mingo's FDCPA claim against DTE is dismissed for failure to state a claim.

The Court also concludes that Plaintiff Mingo has failed to state a Truth in Lending Act claim against DTE. The Truth in Lending Act ("TILA") aims to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." *MacDermid v. Discover Financial Services*, 488 F.3d 721, 733 (6th Cir. 2007) (citing 15 U.S.C. § 1601(a)). Under the TILA, "credit" is defined as "the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment." 15 U.S.C. § 1602(e). Here, Plaintiff Mingo's TILA claim fails, because she has not alleged any facts to suggest that DTE extended any type of credit to her. Accordingly, Plaintiff Mingo's TILA claim against DTE is dismissed for failure to state a claim.

Plaintiff Mingo's claims against DTE appear to fall squarely within the parameters of MCL 460.6, which addresses fees and conditions of service in connection with public utilities. However, the Court does not have subject matter jurisdiction of MCL 460.6 related matters. *See* MCL 460.6. MCL 460.6(1) provides, in pertinent part, that:

> The public service commission is vested with **complete power and jurisdiction** to regulate all public utilities in the state except a municipally owned utility, the owner

7

> of a renewable resource power production facility as provided in section 6d, and except as otherwise restricted by law. The public service commission is vested with **the power and jurisdiction** to regulate all rates, fares, fees, charges, services, rules, conditions of service, and all other matters pertaining to the formation, operation, or direction of public utilities. The public service commission is further granted the **power and jurisdiction** to hear and pass upon all matters pertaining to, necessary, or incident to the regulation of public utilities, including electric light and power companies, whether private, corporate, or cooperative[.]

MCL 460.6(1) (emphasis added). Plaintiff Mingo's claims against DTE are, in fact, related to fees and conditions of service. She alleges that she has been overcharged by DTE, and that DTE is wrongfully attempting to disconnect her service, a condition of the service resulting from nonpayment. Accordingly, the Michigan Public Service Commission ("MPSC") may hear and adjudicate Plaintiff Mingo's claims against DTE.

The Court notes that Plaintiff Mingo may file a formal complaint with the MPSC if she continues to have a dispute with any DTE charges. Although she indicates in the Second Amended Complaint that she "complained" to the MPSC about the DTE charges on two occasions, (Second Amended Complaint at 38-39,) she does not indicate that she initiated a formal complaint against DTE which would trigger a hearing before an administrative law judge.

Construing the Second Amended Complaint liberally in Plaintiff Mingo's favor, *Westlake*, 537 F.2d at 858, accepting as true all factual and permissible inferences therein, *id.*, but not accepting as true legal conclusions and unwarranted factual interferences, *Montgomery,* 346 F.3d at 698, Plaintiff Mingo has failed to state a claim against DTE. "[An] allegation, which provides no more than a mere recitation of the statute, is insufficient to state a claim." *Broughton v. St. John*

8

*Health System*, 246 F. Supp. 2d 764, 771 (E.D. Mich. 2003). Accordingly, DTE's motion to dismiss is granted. Consequently, Plaintiff Mingo's request for an order enjoining DTE from pursuing any lawful efforts to discontinue her service, or the service of any other Detroiter, is denied.

**V. CONCLUSION**

In light of the foregoing,

IT IS ORDERED that DTE's Motion to Dismiss or Alternatively, For More Definite Statement [Dkt. #10, filed February 22, 2008] is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff Mingo's Motion to Restrain DTE From Disconnecting Plaintiff's Utilities [Dkt. #69, filed May 9, 2008] is **DISMISSED AS MOOT**.

       s/ DENISE PAGE HOOD
       DENISE PAGE HOOD
       United States District Judge

DATED: June 23, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and Ms. Gwendolyn Mingo, 269 Watson, Detroit, Michigan 48201 on June 24, 2008, by electronic and/or ordinary mail.

       S/William F. Lewis
       Case Manager