**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Gwendolyn Mingo,
Brush Park Citizens District Council, and
Coordinating Council for Community Redevelopment,

    Plaintiffs,[1]

v.

Case No. 07-15208

HONORABLE DENISE PAGE HOOD

City of Detroit, et al.,[2]

    Defendants.

_____/

**ORDER GRANTING DEFENDANT HGTV'S MOTION TO DISMISS**

---

[1]As a threshold matter, the Court notes that Plaintiff Gwendolyn Mingo is entitled to represent herself personally in this action. 28 U.S.C. § 1654. However, there is no indication that she is an attorney licensed to practice law. It is well settled that a pro se litigant, who is not an attorney, cannot represent other parties in the litigation. *See id.* ("parties may plead and conduct their own cases [in federal court] personally or by counsel"); *see also Doherty v. American Motors, Co.*, 728 F.2d 334, 340 (6th Cir.1984). Therefore, the Court does not have jurisdiction to hear the claims of the Brush Park Citizens' District Counsel and the Coordinating Counsel for Community Redevelopment, and those claims must be dismissed. Plaintiff Mingo has also asked the Court to appoint counsel for her and the Plaintiff groups she represents. The Court is attempting to assign pro bono counsel to Plaintiff.

[2]Although Plaintiff Mingo names more than 50 defendants in the various complaints, only 27 of those defendants were given to the US Marshals to effectuate service. The 27 names provided to the US Marshals were as follows: Brush Park Development Corp. (listed twice), Mayor Dennis Archer, Orlans PC, City of Detroit, American Bankers Life Assurance, DTE Energy, Crosswinds, Michigan Public Services Commission, City of Detroit Planning and Development, Michigan Environmental Protection Agency, HGTV, Chase aka Bank1/NBD, Michigan Historic Preservation Office, First Michigan Title Company, U.S. Inspector General, U.S. Environmental Protection Agency, HUD, City of Detroit Economic Growth Dept. / Economic Development Dept., William Worden, Mayor Kwame Kilpatrick, Detroit Historic District Commission, Detroit Police Department, Detroit Forestry & EPA Agency, Helanious Phillips, Douglas Diggs, and Washington Mutual. Of those 27 names, it appears that First Michigan Title Company was not served.

**I.     INTRODUCTION**

This matter is before the Court on Eric Mathis' Motion to Dismiss, [Dkt. #12, filed February 25, 2008], on behalf of Scripps Networks, LLC ("HGTV").[3]  Plaintiff filed a responsive brief ("Response") [Dkt. #72, filed May 20, 2008].  HGTV filed a reply brief ("Reply") [Dkt. #80, filed June 6, 2008].  A hearing for the motion was held on April 30, 2008, May 5, 2008, and June 18, 2008.  For the reasons described below, the Court grants Defendant HGTV's Motion to Dismiss.

**II.    FACTS**

The facts presented in the proposed Second Amended ("SA") Complaint are difficult to comprehend.  Nevertheless, it appears that this lawsuit arises out of Plaintiff's dissatisfaction with two events: 1) the City of Detroit's redevelopment of her neighborhood, Brush Park; and 2) the foreclosure proceedings[4] associated with her home.

After the death of Plaintiff Gwendolyn Mingo's husband, on June 30, 2006, she began to fall

---

[3] The Court also notes that the following motions to dismiss are pending: Michael Muller's Motions to Dismiss, [Dkt. #43, filed March 14, 2008; Dkt. #51, filed April 7, 2008], on behalf of various City of Detroit defendants ("the City Defendants"); Michael Murphy's Motion to Dismiss, [Dkt. #41, filed March 11, 2008], on behalf of various State of Michigan defendants ("the State Defendants"); Michael Ryan's Motion to Dismiss, [Dkt. #33, filed March 3, 2008], on behalf of American Bankers Life Assurance Company of Florida ("ABLACF"); Tim Myer's Motion to Dismiss, [Dkt. #29, filed March 3, 2008], on behalf of Washington Mutual and Orlans, PC.

This matter is also before the Court on the following motions for a more definite statement: Christine Essique's Motion for More Definite Statement, [Dkt. #48, filed March 28, 2008], on behalf of Crosswinds; and Gerald Pawlak's Motion for More Definite Statement, [Dkt. #31, filed March 3, 2008], on behalf of JP Morgan Chase Bank NA ("Chase Bank").

[4] On May 9, 2008, the Court enjoined Defendant Chase Bank from foreclosing on the home of Plaintiff Mingo.

behind in making her mortgage payments.[5] She began to fall behind in making payments to other creditors as well, including utility companies such as DTE. On April 17, 2007, Plaintiff Mingo initiated Chapter 7 Bankruptcy Proceedings. *In re Gwendolyn Mingo*, No. 07-47529 (Bankr. E.D. Mich.) (Tucker, J.). On February 5, 2008, the Bankruptcy Court granted Plaintiff Mingo a discharge under 11 U.S.C. § 727. Thereafter, Chase Bank initiated foreclosure by advertisement proceedings on Plaintiff Mingo's home.[6]

Plaintiff Mingo's home and her dissatisfaction with changes in her neighborhood have been at the heart of at least two prior lawsuits. Plaintiff Mingo and others filed suit against most of the City Defendants in this case in the Wayne Circuit Court, on April 21, 2000. *Mingo, et al. v. City of Detroit*, No. 00-013030 (MacDonald, J.). The Fourth Amended Class Complaint for the action was filed on May 28, 2004, and alleged, among other things, that the City of Detroit's Brush Park Redevelopment Plan caused a decline in their property values. The action was dismissed on April 19, 2006 upon the defendants' motion for summary disposition. In addressing Plaintiff Mingo's

---

[5]The record is unclear to whom Plaintiff Mingo made her mortgage payments. Her bankruptcy court pleadings indicate that she was making payments to Washington Mutual. However, Chase Bank, successor in a merger to Bank One NA, formerly know as NBD Bank, asserted a secured interest in Plaintiff Mingo's property during the course of Plaintiff Mingo's bankruptcy proceedings.
   At the May 5, 2008 hearing, counsel for Chase Bank indicated that Chase Bank owns the mortgage held on Plaintiff Mingo's property and that Washington Mutual services (receives payments for) the mortgage.
   In the proposed SA Complaint, Plaintiff Mingo indicates that NBD Bank sold her mortgage to Homeside Lending and Washington Mutual. (SA Complaint at 34.)

[6]At the April 30, 2008 and May 5, 2008 hearings, Plaintiff argued that she had paid off her mortgage with Washington Mutual. As proof, she submitted an April 18, 2007 letter from American Security Insurance Company ("American Security"). The letter indicates that the hazard insurance policy issued by American Security was canceled on January 29, 2008, because she had paid off her mortgage.

3

specific takings claim, the court noted that the value of her home had actually increased as a result of the Brush Park Redevelopment Plan. The court's decision is currently on review before the Michigan Court of Appeals as case number 277403.

Plaintiff Mingo also filed suit against the City of Detroit in the Eastern District of Michigan, on September 16, 2005. *Mingo v. City of Detroit*, No. 05-73572 (Taylor, J.). The complaint alleged takings violations under federal and state law. Plaintiff alleged that the City of Detroit's Brush Park Redevelopment Plan, which called for the re-opening of Watson Street, the street on which Plaintiff Mingo lives, interfered with her right to live in the peace and enjoyment of a historic district. The defendant's motion to dismiss, among other things, maintained that Plaintiff Mingo's federal action mirrored the state action. Judge Taylor dismissed the action on November 21, 2005.

Plaintiff Mingo initiated this action on December 6, 2007. She filed an Amended Complaint on December 12, 2007. She filed a Second Amended Complaint on January 22, 2008.

In the instant suit, Plaintiff Mingo again alleges that the City of Detroit caused the depreciation of her property value. She further alleges that the City of Detroit has failed to provide her with grants, because she is African-American. She also alleges that Washington Mutual, Chase Bank, Orlans, PC, and their insurance agents, charged her high fees and interest rates, because she is African-American. The City Defendants, the State Defendants, ABLACF, Washington Mutual & Orlans, PC, and HGTV all deny Plaintiff Mingo's allegations, and have filed motions to dismiss; only the motions brought by HGTV are addressed in this opinion.

### III. STANDARD OF REVIEW

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6), where a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal is

4

appropriate where a plaintiff cannot establish any set of facts that would entitle him to the relief sought. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). In ruling on a Rule 12(b)(6) motion, a court must construe the complaint liberally in plaintiff's favor and accept as true all factual allegations and permissible inferences therein. *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). "Section 1915(e)(2)(B)(i) requires a court to dismiss any in forma pauperis action that it determines to be frivolous." 28 U.S.C. § 1915(e)(2); *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007).

When reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987)). In other words, "the lenient treatment generally accorded to pro se litigants has limits," and they are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

**IV.     ANALYSIS**

HGTV argues that the Complaint should be dismissed, because the Complaint fails to allege facts to show any duty owed by HGTV to Plaintiff Mingo or any breach of such a duty. HGTV alleges that it has a television program, Homes Across America, in which it represents itself as participating in the preservation of certain homes across the United States. HTGV further alleges that it received a series of unsolicited faxes from Plaintiff Mingo, and that it did not interview Plaintiff Mingo while it conducted interviews in Detroit for its television programs.

The Court concludes that Plaintiff Mingo has failed to state a claim against HGTV. She has

5

failed to allege any specific facts to show that HGTV owed her a legal duty or that HGTV breached that duty. Plaintiff Mingo's theory that HGTV caused her legal harm by declining to interview her or to make repairs on her historic home is not supported by law. *International Harvester Credit Corp. v. Wilkie*, 695 F.2d 231, 234 (6th Cir. 1982); *see also Fultz v. Union-Commerce Associates*, 470 Mich. 460, 463, 683 N.W. 2d 587 (2004)("It is axiomatic that there can be no tort liability unless defendants owed a duty to plaintiff."). Construing the facts alleged in the Complaint in a light most favorable to Plaintiff Mingo no form of legal agreement exists between HGTV and Plaintiff Mingo which creates a duty for HGTV to fix her home. *Murdock v. Higgins*, 454 Mich. 46, 53 (1999)("The threshold question, whether a duty exists, is a question of law, an issue 'solely for the court to decide...'"). Accordingly, HGTV's motion to dismiss is granted.

## V. CONCLUSION

In light of the foregoing,

IT IS ORDERED that HGTV's Motion to Dismiss [Dkt. #12, filed February 25, 2008] is **GRANTED**.

IT IS FURTHER ORDERED that HGTV's Ex Parte Motion for Leave to File a Reply [Dkt. #77, filed June 3, 2008] is **DISMISSED AS MOOT**.

IT IS FURTHER ORDERED that the Complaint against HGTV is **DISMISSED**.

                     S/Denise Page Hood
                     Denise Page Hood
                     United States District Judge

Dated: September 30, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and **Gwendolyn Mingo**, 269 Watson, Detroit, MI 48201 on September 30, 2008, by electronic and/or ordinary mail.

S/Lisa Ware for William F. Lewis
Case Manager