**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

Gwendolyn Mingo,
Brush Park Citizens District Council, and
Coordinating Council for Community Redevelopment,

    Plaintiffs,

                                   Case No. 07-15208

v.

                                   HONORABLE DENISE PAGE HOOD

City of Detroit, et al.,

    Defendants.
_____/

**OPINION AND ORDER ON PLAINTIFF MINGO'S
VARIOUS MOTIONS INVOLVING THE CITY OF DETROIT
AND RELATED CITY DEFENDANTS AND MOTION FOR ADDITIONAL TIME**

Plaintiff Gwendolyn Mingo filed a Second Amended Complaint in this case on January 22, 2008, alleging various claims related to the foreclosure on her home at 269 Watson in the City of Detroit and the redevelopment of her neighborhood. Among the numerous Defendants named in the Second Amended Complaint are the City of Detroit, a number of its departments and agencies, individual city employees and elected officials. Under separate Opinion and Order of this date, this Court has dismissed the City of Detroit and certain City departments, agencies and City employees and elected officials.

In this opinion and order, the Court addresses a number of motions related to these Defendants, some of whom have been dismissed. Although oral argument was requested as to some of these motions, the Court has decided, exercising its discretion, that oral argument is not required as it would add nothing to the already burdened record in this case. Fed. R. Civ. P. 78(b).

The following motions are addressed herein: (1) Plaintiff's Motion to Remove Counsel for Defendant City of Detroit, et al, Remove City of Detroit Law Department From Representing Plaintiff's Interests As A Citizen of the City of Detroit in this Case, Restrain the City of Detroit and City of Detroit Law Department from the Use of Federal CDBG, NOF or other Funds and Use of Plaintiff's Taxes and the Taxes of Citizens and Organizations Plaintiff Represents to Hire Attorneys that Discriminate Against, Harm and Displace Plaintiff and Other Citizens from Her, Their Neighborhood in the Promotion of Housing Segregation, Grant Plaintiff an Extension of Time to Obtain Independent Counsel Due to Complexity of the Case, filed May 2, 2008 ("Plaintiff's Motion to Remove Counsel") (Doc. #64); (2) Plaintiff's Motion to Compel Responses to Discovery Requests and Freedom of Information Requests, filed July 24, 2008 ("Plaintiff's Motion to Compel Discovery") (Doc. #116); (3) Plaintiff's Motion for Injunctive Relief and Restraining Order for the Court to Enjoin the Local Legislative Body of the City of Detroit From Approving A Land Bank Authority, Turning Over City Land, and Authority to Define Property As Blighted to the Planning and Development Department, Approving The Sale of the Broadhead Armory and Demolishing All of the Tiger Stadium, filed July 29, 2008 ("Plaintiff's Motion for Injunctive Relief")(Doc. #117); (4) Plaintiff's Motion to Ask the Court to Compel the Detroit City Council to Stop, or Rescind Its Vote of July 29, 2008 on the Land Bank and Other Actions Taken in Spite of A Pending Motion for Injunctive Relief and Restraining Order Filed with The Court at 9:47 a.m., July 29, 2008, Delivered to the Chambers of the Hon. Denise Page Hood and Served Upon The Detroit City Council on July 29, 2008 Immediately Following the Filing, filed August 1, 2008 ("Plaintiff's Motion to Rescind")(Doc. #120); (5) Plaintiff's Motion to Compel City Attorney to File An Appearance for Local Legislative Body or Inform Court He Does Not Represent the Local Legislative Body, filed

August 25, 2008 ("Plaintiff's Motion to Compel Appearance")(Doc. #130); (6) Plaintiff's Motion for Default Against Defendants Local Legislative Body and Detroit City Council for Failure to Respond to Plaintiff's Motion for Injunctive Relief, filed August 26, 2008 ("Plaintiff's Motion for Default") (Doc. #132); (7) Plaintiff's Motion for Default Against Defendants Local Legislative Body, filed August 26, 2008 ("Plaintiff's Second Motion for Default")(Doc. #133). Defendant City of Detroit filed a Response, Memorandum in Opposition to Plaintiff's Motion to Recuse Counsel for the City of Detroit, on May 5, 2008 and A Memorandum Opposing Request for An Order Compelling Counsel for the City Defendants to Appear As An Attorney for Detroit City Council and Each of It's (sic) Individual Councilpersons and Opposing Plaintiff's Request for Default Judgment against Detroit City Council and Each of It's(sic) Individual Councilpersons, on September 2, 2008.

Plaintiff's Motion to Remove Counsel and Motion to Compel Appearance are without merit. Plaintiff cites no common law, case law, statute or rule of professional responsibility that requires the Court to remove counsel from representation of the City of Detroit or any of it departments, commission, agencies, employees or elected officials. In few circumstances will a court remove the attorney of one's choosing, such as in a conflict of interest scenario where counsel represents clients with adverse interests. MRPC 1.7. A conflict of interest with the opposing party is not such a scenario. Therefore, the Motion to Remove Counsel is DENIED.

However, counsel for the City of Detroit should take note that much of these two motions is spent commenting on the lack of civility of the lawyer for the City of Detroit. Everything from rudeness on the telephone to making unnecessary facial gestures in court is alleged. Unfortunately, the Court only remembers counsel's apparent lack of civility and disrespectful demeanor in the courtroom. However, it was reported to the Court that the City Defendants' counsel spoke harshly

3

and in a threatening manner toward Plaintiff when the Court left the bench. The Court understands that counsel and other City attorneys may have a long history with Plaintiff in the Wayne County Circuit Court case and are now confronted with a long, burdensome Second Amended Complaint alleging many of the same issues addressed in the prior lawsuit. Not to mention Plaintiff's many curiously captioned motions and requests, some of which the Court is certain the City's counsel finds frivolous. Nonetheless, the Court is required in this circuit to liberally construe Plaintiff's motions. *Haines v. Kerner,* 404 U.S. 519 (1972). The Court recommends that the City's attorney review again the Civility Rules of the Eastern District of Michigan which can be found on the Court's website.

Plaintiff's Motion to Remove also includes a request for an extension of time to obtain independent counsel due to the complexity of the case. During the time between the last oral argument and the Court's decision in various motions today, the Court, through the Court's Pro Bono Committee, has attempted to secure pro bono representation for Plaintiff. The Court has been unsuccessful and, apparently, the Plaintiff has been unable to secure counsel for herself. However, the Court finds the Plaintiff will have to proceed in this manner without counsel if Plaintiff is herself unable to find counsel. Insofar as the Motion to Remove seeks an extension of time, the Motion is DENIED. Plaintiff's Motion for Additional Time, filed July 7, 2008, is also DENIED for the reasons stated herein.

Addressing Plaintiff's Motion to Compel Appearance, the City's counsel is correct that Plaintiff has cited no support for the Court to compel his appearance on behalf of the Detroit City Council and it members. However, the City's counsel has responded in writing to this motion, apparently on behalf of the Detroit City Council and its individual council members. In any event,

Plaintiff's Motion to Compel Appearance is DENIED.

Plaintiff's Motion to Compel Discovery is DENIED as the Court has, under separate Opinion and Order this date, Dismissed the City Defendants.

Plaintiff's Motion for Injunctive Relief and Plaintiff's Motion to Compel the Detroit City Council to Stop or rescind its Vote of July 29, 2008 requests this Court to restrain the Detroit City Council from, among other actions, voting to create a Land Bank Authority, approving the sale of Broadhead Armory and demolishing Tiger Stadium or to require the Detroit City Council to rescind its vote on these issues taken July 29, 2008.  Plaintiff did file her motion on July 28 and 29, 2008, but she did not ask for immediate hearing.  Although Plaintiff attempts to cast these motions as involving blight and redevelopment in her neighborhood, nothing in these motions relates directly to any claims made in Plaintiff's Second Amended Complaint.  Plaintiff has simply not made any complaint alleging any constitutional violation or  any violation of any federal statute or  presented any evidence to show how any of the actions of the City Council  relate to any claims she makes against any Defendant in the Second Amended Complaint.  While these motions may have merit in another forum, these motions are completely without merit with regards to the case at bar and are DENIED.  See also new *Associated General Contractor of America v. City of Columbus,* 172 F.3d 411, 415-416 (6th Cir. 1999)

 Furthermore, default, an extreme sanction against a party, which this Court finds in its discretion, is not a remedy for failure to respond to this frivolous motion.  Therefore, Plaintiff's Motion for Default for failure to respond to Plaintiff's Motion for Injunctive Relief is also DENIED.

Plaintiff's Second Motion for Default requests that the Court default the Detroit City Council and its individual council members ("City Council Defendants") for failure to answer or otherwise

defend against Plaintiff's "Complaints." Plaintiff claims to have served the City Council Defendants on July 16, 2008. The City Council Defendants first argue that the service was defective because the summons were expired. Defendants argue that the summons were issued for Plaintiff's Second Amended Complaint on January 23, 2008. Federal Rule of Civil Procedure 4(m) sets the time limit for service within 120 days after the filing of the complaint. If there is good cause for the failure to serve, the court may extend the time for service. Fed. R. Civ. P. 4(m). Plaintiff did not serve the City Council Defendants within 120 days of January 23, 2008 and did not request extension of the time to serve the summons and complaint. Failure to serve a complaint can result in dismissal of the complaint against the unserved party. Fed. R. Civ. P. 4(m). A court may not enter judgment against a party who is not served.

The City Council Defendants also argue they were not properly served. Service upon the Detroit City Council is governed by Fed. R. Civ. P. 4(j)(2), requiring service by delivery of the summons and complaint to the chief executive officer or as prescribed by the law of the state. The Detroit City Council may have been properly served since service by delivery to the City Clerk may be in compliance with MCR 2.105(G)(2), if the summons had not expired. Service upon the individual council members is governed by Rule 4(e)(1) and (2) requiring delivery pursuant to state law (MCR 2.105(A) allows service of the summons and complaint to a defendant personally, or by registered or certified mail, return receipt requested with delivery restricted to the addressee), or by personal delivery of the summons and complaint or leaving a copy "at the individual's dwelling or usual place of abode with some person of suitable age and discretion who resides there; or delivering a copy of the summons and complaint to an agent authorized by appointment or by law ro receive service of process." Fed. R. Civ. P. 4(e)(1), (2)(A)(B)(C).

6

City Council Defendants claim that Plaintiff delivered the summons and complaints in this case to the Detroit City Clerk's office as set forth on the proofs of service.  Delivery to the City Clerk may be an appropriate means of service on the Detroit City Council.  (MCR 2.105) However, the summons had expired.  Plaintiff has failed to properly serve the Detroit City Council and the individual council members.  Plaintiff's Second Motion for Default is DENIED.

Even if the City Council Defendants were properly served, the Court also notes that the Second Amended Complaint contains no allegations against the Detroit City Council or the individual council members, nor does Plaintiff's Amended Complaint or her initial Complaint. Pursuant to the provision of 28 U.S.C. ¶ 1915(3)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant, or defendants who is/are immune from such relief.  A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis:*

> Unlike prisoner cases, complaints by non-prisoners are
> not subject to the screening process required by ¶1915A.
> However, the district court must still screen the complaint
> under ¶ 1915(e)(2)...Section 1915(e)(2) provides us with
> the ability to screen these, as well as prisoner cases
> that satisfy the requirements of this section. The screening
> Must occur even before process is served or the individual
> has had an opportunity to amend the complaint. The complaint
> Must be dismissed if it falls within the requirements of
> ¶1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6${}^{th}$ Cir 1997).  Federal courts hold the pro se

7

complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner,* 404 U.S. 519 (1972).  Liberally construing the Second Amended Complaint, Plaintiff fails to state a claim against the Detroit City Council or the individual council members.  The Second Amended Complaint is devoid of any factual allegations against the Detroit City Council or its individual council members.  Plaintiff's Second Amended Complaint is DISMISSED as to the Detroit City Council and it individual council members.

For the reasons stated above,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remove Counsel for Defendant City of Detroit, et al, Remove City of Detroit Law Department From Representing Plaintiff's Interests As A Citizen of the City of Detroit in this Case, Restrain the City of Detroit and City of Detroit Law Department from the Use of Federal CDBG, NOF or other Funds and Use of Plaintiff's Taxes and the Taxes of Citizens and Organizations Plaintiff Represents to Hire Attorneys that Discriminate Against, Harm and Displace Plaintiff and Other Citizens from Her, Their Neighborhood in the Promotion of Housing Segregation, Grant Plaintiff an Extension of Time to Obtain Independent Counsel Due to Complexity of the Case, filed May 2, 2008 ("Plaintiff's Motion to Remove Counsel") **(Doc. # 64, filed May 5, 2008)** is DENIED.

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel City Attorney to File An Appearance for Local Legislative Body or Inform Court He Does Not Represent the Local Legislative Body **(Doc. #130, filed August 25, 2008)** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time **(Doc. #93, filed July 7, 2008)** is DENIED.

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Responses to Discovery

Requests and Freedom of Information Requests **(Doc. #116, filed July 24, 2008)** is DENIED.

IT IS HEREBY ORDERED that Plaintiff's Motion for Injunctive Relief and Restraining Order for the Court to Enjoin the Local Legislative Body of the City of Detroit from Approving A Land Bank Authority, Turning Over City Land and Authority to Define Property as Blighted to the Planning and Development Department, Approving the Sale of the Broadhead Armory and Demolishing All of the Tiger Stadium **(Doc. #117, filed July 29, 2008)** is DENIED.

IT IS HEREBY ORDERED that Plaintiff's Motion to Ask the Court to Compel the Detroit City Council to Stop or Rescind its Vote of July 29, 2008 on the Land Bank and Other Action Taken in Spite of a Pending Motion for Injunctive Relief and Restraining Order Filed with the Court **(Doc. #120, filed August 1, 2008)** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Against Defendants Local Legislative Body and Detroit City Council for Failure to Respond to Plaintiff's Motion for Injunctive Relief **(Doc. #132, filed August 26, 2008)** is DENIED.

IT IS HEREBY ORDERED that Plaintiff's Motion for Default Against Defendants Local Legislative Body **(Doc. # 133, filed August 26, 2008)** is DENIED. The Detroit City Council and its individual council members are DISMISSED pursuant to 28 USC ¶1915(e)(2)(B).

                                                S/Denise Page Hood  
                                                Denise Page Hood  
                                                United States District Judge

Dated: March 31, 2009

I hereby certify that a copy of the foregoing document was served upon Gwendolyn Mingo, 269 Watson, Detroit, MI 48201 counsel of record on March 31, 2009, by electronic and/or ordinary mail.

                                                S/William F. Lewis  
                                                Case Manager