UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GWENDOLYN MINGO

      Plaintiff,                                     Civil No. 07-15208

v.                                                 District Judge Denise Page Hood
                                                      Magistrate Judge Mona K. Majzoub

CITY OF DETROIT, CHASE, a/k/a
BANC 1, a/k/a NBD, et al.

      Defendant.
_____/

**ORDER GRANTING DEFENDANT JP MORGAN CHASE BANK, N.A.'s MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR TIME TO PREPARE RESPONSES TO VARIOUS COURT ORDERS ISSUED ON MARCH 31, 2009 BY THE HON. JUDGE DENISE PAGE HOOD**

**I.    INTRODUCTION**

       This matter is before the Court on Defendant JP Morgan Chase Bank, N.A.'s (Defendant Chase) Motion to Dismiss and/or for Summary Judgment **[Docket #167, filed on July 21, 2009]**. Defendant Chase filed a Supplemental Brief in Support of Motion for Summary Judgment on the Pleadings for Plaintiff's Failure to Comply with Fed. R. Civ. P. 56(e)(2) and LR 7.1(d)(2)(B) **[Docket #171, filed on October 20, 2009]**. One week before oral arguments were scheduled in this matter, Plaintiff filed an untimely Response to Defendant Chase's Motion to Dismiss and/or for Summary Judgment **[Docket #172, filed on December 2, 2009]**. This matter is also before the Court on Plaintiff's Motion to Extend Time for Various Court Order's **[Docket #161, filed on April 21, 2009]**. Defendant Chase filed a response to Plaintiff's Motion for Time to Prepare Responses to Various Court Orders Issues on March 31, 2009 by the Honorable Judge Denise Page Hood **[Docket #163, filed on April 24, 2009]**.

For the reasons stated below, the Court grants the Motion to Dismiss and/or for Summary Judgement. The Court also grants Plaintiff's Motion for Time to Prepare Responses to Various Court Orders Issues on March 31, 2009 by the Honorable Judge Denise Page Hood.

## II. FACTS

As this Court has previously noted, the facts and allegations presented in this matter are unclear. Nevertheless, it appears that this lawsuit arises out of Plaintiff's dissatisfaction with: 1) the City of Detroit's redevelopment of her neighborhood, Brush Park; and 2) the foreclosure proceedings[1] associated with her home.

After the death of Plaintiff Gwendolyn Mingo's husband on June 30, 2006, she began to fall behind in making her mortgage payments.[2] She began to fall behind in making payments to other creditors as well, including utility companies such as DTE.[3] On April 17, 2007, Plaintiff Mingo initiated Chapter 7 Bankruptcy Proceedings. *In re Gwendolyn Mingo*, No. 07-47529 (Bankr. E.D. Mich.) (Tucker, J.). On February 5, 2008, the Bankruptcy Court granted Plaintiff Mingo a discharge under 11 U.S.C. § 727. Thereafter, Chase Bank initiated foreclosure by

---

[1] On May 9. 2008, the Court enjoined Defendant Chase Bank from foreclosing on the home of Plaintiff Mingo.

[2] The record is unclear as to whom Plaintiff Mingo made her mortgage payments. Her bankruptcy court pleadings indicate that she was making payments to Washington Mutual. However, Chase Bank (JP Morgan Chase Bank, NA), successor in a merger to Bank One, NA, formerly know as NBD Bank, asserted a secured interest in Plaintiff Mingo's property during the course of Plaintiff Mingo's bankruptcy proceedings.
   At the May 5, 2008 hearing, counsel for Chase Bank indicated that Chase Bank owns the mortgage held on Plaintiff Mingo's property and that Washington Mutual services (receives payments for) the mortgage.
   In the SA Complaint, Plaintiff Mingo indicates that NBD Bank sold her mortgage to Homeside Lending and Washington Mutual. (SA Complaint at 34.)

[3] DTE and HGTV were dismissed by this Court's orders, dated June 24, 2008, Dkt. #89, and Dkt. #138, filed September 30, 2008.

2

advertisement proceedings on Plaintiff Mingo's home.[4]

Plaintiff Mingo's home and her dissatisfaction with changes in her neighborhood have been at the heart of at least two prior lawsuits. Plaintiff Mingo and others filed suit against most of the City Defendants in this case in the Wayne Circuit Court, on April 21, 2000. *Mingo et al. v. City of Detroit*, No. 00-013030 (MacDonald, J.). The Fourth Amended Class Complaint in that action was filed on May 28, 2004, and alleged, among other things, that the City of Detroit's Brush Park Redevelopment Plan caused a decline in their property values. The action was dismissed on April 19, 2006 upon the defendants' motion for summary disposition. In addressing Plaintiff Mingo's specific takings claim, the court noted that the value of her home had actually increased as a result of the Brush Park Redevelopment Plan. The court's decision was on review before the Michigan Court of Appeals at the time of oral argument, but has since been affirmed in an unpublished opinion dated June 17, 2008, Case No. 277403 (Docket #88-2 in the case at bar.)

Plaintiff Mingo also filed suit against the City of Detroit in the Eastern District of Michigan on September 16, 2005. *Mingo v. City of Detroit*, No. 05-73572 (Taylor, J.). The complaint alleged takings violations under federal and state law. Plaintiff alleged that the City of Detroit's Brush Park Redevelopment Plan, which called for the re-opening of Watson Street, the street on which Plaintiff Mingo lives, interfered with her right to live in the peace and enjoyment of a historic district. The defendant's motion to dismiss, among other things, maintained that

---

[4] At the April 30, 2008 and May 5, 2008 hearings, Plaintiff argued that she had paid off her mortgage with Washington Mutual. As proof, she submitted an April 18, 2007 letter from American Security Insurance Company ("American Security"). The letter indicates that the hazard insurance policy issued by American Security was canceled on January 29, 2008, because she had paid off her mortgage.

Plaintiff Mingo's federal action mirrored the state action. Judge Taylor dismissed the action on November 21, 2005.

Plaintiff Mingo initiated this action on December 6, 2007. She filed an Amended Complaint on December 12, 2007. She filed a Second Amended Complaint on January 22, 2008. In the instant suit, Plaintiff Mingo again alleges that the City of Detroit caused the depreciation of her property value. She further alleges that the City of Detroit has failed to provide her with grants because she is African-American. She also alleges that Washington Mutual, Chase Bank, Orlans, PC, and their insurance agents, charged her high fees and interest rates and violated federal statutes because she is African-American, in addition to other claims of wrongdoing against various defendants.[5]

The Second Amended Complaint is forty-four pages long with approximately fourteen causes of action. The paragraphs are not otherwise numbered and the various claims not clearly stated against the defendants. Plaintiff alleges various other claims of wrongdoing against various defendants. To date, however, the only remaining defendants in this matter are Defendant Chase, Crosswinds, and the Detroit City Council.

## III. STANDARD OF REVIEW

### A. Rule 12(b)(6) Dismissal

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6), where a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate where a plaintiff cannot establish any set of facts that would entitle him

---

[5] The City Defendants, the State Defendants, the Federal Defendants, the American Bankers' Association, and Washington Mutual and Orlans, PC, previously filed Motions to Dismiss in this matter, which were granted on March 31, 2009 [Docket # 158].

4

to the relief sought. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). In ruling on a Rule 12(b)(6) motion, a court must construe the complaint liberally in plaintiff's favor and accept as true all factual allegations and permissible inferences therein. *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). "Section 1915(e)(2)(B)(I) requires a court to dismiss any in forma pauperis action that it determines to be frivolous." 28 U.S.C. § 1915(e)(2); *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007).

When reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987)). In other words, "the lenient treatment generally accorded to pro se litigants has limits," and they are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

### B. Rule 56 Summary Judgment

Pursuant to Rule 56(c), summary judgment may only be granted in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the burden of showing no dispute as to any material issue. *Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093 (6th Cir. 1974). A dispute must be evident from the evidence in order to deny such a motion. Such a dispute must not merely rest upon the

5

allegations or denials in the pleadings, but instead must be established by affidavits or other documentary evidence. Fed.R.Civ.P. 56(e). When ruling, the Court must consider the admissible evidence in the light most favorable to the non-moving party. *Sagan v. United States of Am.*, 342 F.3d 493, 497 (6th Cir. 2003).

## IV. ANALYSIS

### A. Breach of Contract Violation of 42 U.S. C. § 1985

Defendant Chase, successor in a merger to NBD Bank, moves to dismiss Plaintiff's claim for Breach of Contract Violation of 42 U.S.C. § 1985 for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Chase argues that Plaintiff does not allege any facts to support her conspiracy claim, nor can she establish the elements of a claim under 42 U.S.C. § 1985(3), which are "(1) a conspiracy involving two or more persons, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." *Johnson v. Holls & Dales General Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994).

Upon review of Plaintiff's Complaint, this Court finds that Plaintiff has not alleged that Defendant Chase conspired with any other entity to deprive Plaintiff of her constitutional rights. Plaintiff's 121-page response largely rehashes Plaintiff's previously stated arguments. Plaintiff has identified neither the existence of a conspiracy nor an alleged co-conspirator. As a result, Plaintiff has failed to state a claim upon which relief can be granted, and Defendant Chase's Motion to Dismiss must be granted with respect to the § 1985 claim.

### B. Equal Credit Opportunity Act Violation

Defendant Chase argues that Plaintiff's claims under the Equal Credit Opportunity Act (ECOA) should be dismissed under Fed. R. Civ. P. 56, because Plaintiff fails to allege facts demonstrating a violation of the ECOA by Defendant Chase. Specifically, Defendant Chase claims that Plaintiff has failed to allege facts that would show a connection between Defendant Chase and the origination of her home mortgage.

The Court concludes that Plaintiff's Complaint does not create a genuine issue of material fact as to whether her rights under the ECOA were violated. Under the ECOA, a creditor cannot "discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race[.]" 15 U.S.C. § 1691(a)(1). Although Defendant Chase rightly concedes that it is a creditor, Plaintiff has not alleged any facts or proffered any evidence demonstrating Defendant Chase's involvement with Plaintiff as a credit applicant. As Plaintiff has created no genuine issue of material fact, summary judgment is proper on this issue.[6]

### C. Plaintiff's Motion to Extend Time

Plaintiff filed a Motion for Time to Prepare Responses to Various Court Orders Issued on March 31, 2009 by the Hon. Judge Denise Page Hood. In this motion, Plaintiff requested to have until May 12, 2009, to respond to the Court's Orders and to submit more definite statements. Defendant Chase opposed this motion, arguing that Plaintiff has had sufficient time to prepare the necessary filings.[7] On May 13, 2009, Plaintiff filed a Response to Defendant JP Morgan

---

[6] Defendant Chase also argues that Plaintiff's ECOA is time-barred under the applicable statute of limitations. This Court notes that, even if summary judgment were not proper on this issue, Plaintiff would be barred from bringing a claim against Plaintiff Chase under the ECOA, due to the two-year statute of limitations.

[7] American Bankers Life Assurance Company of Florida also responded to Plaintiff's motion [Docket #164, filed on May 6, 2009]. However, pursuant to this Court's March 31, 2009

Chase Bank, N.A.'s Affirmative Defenses [Docket # 165, filed on May 13, 2009]. Finding that Defendant Chase suffered no prejudice from Plaintiff's extension of time, Plaintiff's Motion for Time to Prepare Responses to Various Court Orders Issued on March 31, 2009 by the Hon. Judge Denise Page Hood is GRANTED.

**V.     CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant JP Morgan Chase Bank, N.A.'s (Defendant Chase) Motion to Dismiss and/or for Summary Judgment [Docket #167, filed on July 21, 2009] is **GRANTED**. Defendant JP Morgan Chase Bank, N.A. is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Time to Prepare Responses to Various Court Orders Issues on March 31, 2009 by the Honorable Judge Denise Page Hood [Docket #163, filed on April 24, 2009] is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to this Court's Order of March 31, 2009 [Docket No. 158], the following Defendants are **DISMISSED** from this matter: Brush Park Citizens District Council, Coordinating Council for Community Re-Development, City of Detroit, Washington Mutual, Kwame Kilpatrick, Orlans, PC, Dennis Archer, City of Detroit Police Department, City of Detroit Planning and Development, Sheila Wade,[8] Douglass Diggs, William Worden, Helanious Phillips, Economic Growth and Development Corporation,

---

Order [Docket #158], American Bankers Life Assurance Company of Florida is no longer a defendant in this matter.

[8] Sheila Wade's name was inadvertently omitted from the listing of "City Defendants" in this Court's Order of March 31, 2008 [Docket #158]. As a City Defendant, Sheila Wade is also dismissed from this matter.

Michigan Historic Preservation Office, American Bankers Life Assurance Company of Florida, United States Inspector General, City of Detroit Forestry Department, City of Detroit Environmental Protection, United States Environmental Protection Agency, Michigan Public Services Commission, and Detroit Historic District Commission, Carolyn Cheeks-Kilpatrick, Bill Clinton, and Hillary Clinton. Pursuant to this Court's Order of March 31, 2009 **[Docket No. 153]**, Defendants James Rachid and Kathleen MacDonald are **DISMISSED** from this matter. Pursuant to this Court's Order of September 20, 2008 **[Docket No. 138]**, Defendant HDTV is **DISMISSED** from this matter. Pursuant to this Court's Order of June 24, 2008 **[Docket No. 89]**, Defendant DTE is **DISMISSED** from this matter.

    **IT IS FURTHER ORDERED** that the following Defendants are **DISMISSED** from this matter, as they were never served with process: Ron Flies, Melinda Leach, Elaine Hearns, Homeside Mortgage Company, First Michigan Title Company, James Marusich, Joint Fraternal Development Corporation, Kappa Alpha Psi, Alpha Psi Alpha, Peter Rhodes, Hansen Clark, Mary Waters, Nelson Mandella, and Mike Illitch.

    S/Denise Page Hood  
    Denise Page Hood  
    United States District Judge

Dated: February 24, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 24, 2010, by electronic and/or ordinary mail.

    S/William F. Lewis  
    Case Manager