**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GWENDOLYN MINGO

   Plaintiff,              Civil No. 07-15208

v.                   District Judge Denise Page Hood
                    Magistrate Judge Mona K. Majzoub

CITY OF DETROIT, CHASE, a/k/a
BANC 1, a/k/a NBD, et al.

   Defendant.
_____/

## ORDER GRANTING CROSSWIND COMMUNITIES, INC.'S MOTION TO DISMISS

**I. INTRODUCTION**

  This matter is before the Court on Crosswind Communities, Inc.'s Motion to Dismiss Plaintiff's Complaint for Failure to File a More Definite Statement, Failure to Comply with Federal Rules of Civil Procedure, and Failure to State a Claim upon which Relief can be Granted **[Docket No. 208, filed on July 21, 2010]**. Plaintiff replied on August 11, 2010. Defendant filed no reply.[1]

**II. STATEMENT OF FACTS**

  As this Court has previously noted, the allegations presented in this matter are unclear. Nevertheless, it appears that this lawsuit arises out of Plaintiff's dissatisfaction with: 1) the City

---

[1] Plaintiff filed a Motion for Default Judgment [Docket No. 211, filed on August 27, 2010] based on Defendant's "failure" to file a reply to Plaintiff's Response. As there is no requirement than a party file a reply brief, Plaintiff's Motion for Default Judgment must be denied. *See* E.D. Mich. L.R. 7.1(d)(1)(B). For the reason stated in the record, Plaintiff's Motion for Default Judgment is DENIED.

1

of Detroit's redevelopment of her neighborhood, Brush Park; and 2) the foreclosure proceedings[2] associated with her home.

After the death of Plaintiff Gwendolyn Mingo's husband on June 30, 2006, she began to fall behind in making her mortgage payments.[3] She began to fall behind in making payments to other creditors as well, including utility companies such as DTE.[4] On April 17, 2007, Plaintiff Mingo initiated Chapter 7 Bankruptcy Proceedings. *In re Gwendolyn Mingo*, No. 07-47529 (Bankr. E.D. Mich.) (Tucker, J.). On February 5, 2008, the Bankruptcy Court granted Plaintiff Mingo a discharge under 11 U.S.C. § 727. Thereafter, Chase Bank initiated foreclosure by advertisement proceedings on Plaintiff Mingo's home.[5]

Plaintiff Mingo's home and her dissatisfaction with changes in her neighborhood have been at the heart of at least two prior lawsuits. Plaintiff Mingo and others filed suit against most

---

[2]On May 9. 2008, the Court enjoined Defendant Chase Bank from foreclosing on the home of Plaintiff Mingo.

[3]The record is unclear as to whom Plaintiff Mingo made her mortgage payments. Her bankruptcy court pleadings indicate that she was making payments to Washington Mutual. However, Chase Bank (JP Morgan Chase Bank, NA), successor in a merger to Bank One, NA, formerly know as NBD Bank, asserted a secured interest in Plaintiff Mingo's property during the course of Plaintiff Mingo's bankruptcy proceedings.
    At the May 5, 2008 hearing, counsel for Chase Bank indicated that Chase Bank owns the mortgage held on Plaintiff Mingo's property and that Washington Mutual services (receives payments for) the mortgage.
    In the SA Complaint, Plaintiff Mingo indicates that NBD Bank sold her mortgage to Homeside Lending and Washington Mutual. (SA Complaint at 34.)

[4]DTE and HGTV were dismissed by this Court's orders, dated June 24, 2008, Dkt. #89, and Dkt. #138, filed September 30, 2008.

[5]At the April 30, 2008 and May 5, 2008 hearings, Plaintiff argued that she had paid off her mortgage with Washington Mutual. As proof, she submitted an April 18, 2007 letter from American Security Insurance Company ("American Security"). The letter indicates that the hazard insurance policy issued by American Security was canceled on January 29, 2008, because she had paid off her mortgage.

of the City Defendants in this case in the Wayne Circuit Court, on April 21, 2000. *Mingo et al. v. City of Detroit*, No. 00-013030 (MacDonald, J.). The Fourth Amended Class Complaint in that action was filed on May 28, 2004, and alleged, among other things, that the City of Detroit's Brush Park Redevelopment Plan caused a decline in their property values. The action was dismissed on April 19, 2006 upon the defendants' motion for summary disposition. In addressing Plaintiff Mingo's specific takings claim, the court noted that the value of her home had actually increased as a result of the Brush Park Redevelopment Plan. The court's decision was on review before the Michigan Court of Appeals at the time of oral argument, but has since been affirmed in an unpublished opinion dated June 17, 2008, Case No. 277403 (Docket #88-2 in the case at bar.)

Plaintiff Mingo also filed suit against the City of Detroit in the Eastern District of Michigan on September 16, 2005. *Mingo v. City of Detroit*, No. 05-73572 (Taylor, J.). The complaint alleged takings violations under federal and state law. Plaintiff alleged that the City of Detroit's Brush Park Redevelopment Plan, which called for the re-opening of Watson Street, the street on which Plaintiff Mingo has a home, interfered with her right to live in the peace and enjoyment of a historic district. The defendant's motion to dismiss, among other things, maintained that Plaintiff Mingo's federal action mirrored the state action. Judge Taylor dismissed the action on November 21, 2005.

Plaintiff Mingo initiated this action on December 6, 2007. She filed an Amended Complaint on December 12, 2007. She filed a Second Amended Complaint on January 22, 2008. In the instant suit, Plaintiff Mingo again alleges that the City of Detroit caused the depreciation of her property value. She further alleges that the City of Detroit has failed to

3

provide her with grants because she is African-American. She also alleges that Washington Mutual, Chase Bank, Orlans, PC, and their insurance agents, charged her high fees and interest rates and violated federal statutes because she is African-American, in addition to other claims of wrongdoing against various defendants. To date, the only remaining Defendant in this matter is Crosswinds.[6]

## III. APPLICABLE LAW & ANALYSIS

Defendant brings its motion under Federal Rules of Civil Procedure 12(b)(6), 12(e), and 41(b). The Court finds that Defendant's motion succeeds on Rule 12(b)(6) alone, as Plaintiff has failed to state a claim upon which relief might be granted relative to Defendant Crosswinds.

Federal Rules of Civil Procedure 12(b)(6) provides for a motion to dismiss for failure to state a claim upon which relief can be granted. This type of motion tests the legal sufficiency of the plaintiff's Complaint. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). A court takes the factual allegations in the Complaint as true when evaluating the propriety of dismissal under Fed. R. Civ. P. 12(b)(6). *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509,512 (6th Cir. 2001); *Hoeberling v. Nolan*, 49 F. Supp.2d 575, 577 (E.D. Mich. 1999). Further, the court construes the complaint in the light most favorable to the plaintiff, and determines whether it is beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Varljen v. Cleveland Gear Co., Inc.*, 250 F.3d 426, 429 (6th Cir. 2001).

Defendant argues that Plaintiff's Complaint fails to identify the claims filed against

---

[6] The City Defendants, the State Defendants, the Federal Defendants, the American Bankers' Association, and Washington Mutual and Orlans, PC, previously filed Motions to Dismiss in this matter, which were granted on March 31, 2009 [Docket # 158]. JP Morgan Chase Bank, N.A. also filed a Motion to Dismiss, which was granted on February 24, 2010 [Docket No. 196].

4

Defendant, any facts underlying the purported claims, and any alleged damages. As Defendant argues in its brief, "[t]o survive a motion to dismiss, 'a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Advocacy Organization for Patients and Providers v. Auto Club Insurance Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999) (*quoting Schied v. Fanny Farmer Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). While the Court must view all facts in the light most favorable to the non-moving party, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (internal citations omitted).

As the Supreme Court has stated, a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-1951 (2009). Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554,557 (2007)).To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

Plaintiff's Complaint alleges that Defendant Crosswinds failed to implement urban renewal "with millions of dollars in funds received for this purpose." Complaint ¶ 39. While

5

Plaintiff alleges that Plaintiff has violated the Fair Housing Act and promoted discrimination in housing, Plaintiff fails to provide sufficient factual matter supporting either claim. Plaintiff relies on an article printed in the newspaper to support her claims that Crosswinds is trying to acquire her property, but makes no factual assertions and proffers no legal theory under which she is entitled to any recovery. Plaintiff's Response to Crosswind's motion draws similar conclusions, without providing facts to satisfy the elements of any viable legal claim.

## IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Crosswind Communities, Inc.'s Motion to Dismiss Plaintiff's Complaint for Failure to File a More Definite Statement, Failure to Comply with Federal Rules of Civil Procedure, and Failure to State a Claim upon which Relief can be Granted **[Docket No. 208, filed on July 21, 2010]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Motion for Default Judgment **[Docket No. 211, filed on August 27, 2010]** is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: October 22, 2010

I hereby certify that a copy of the foregoing document was served upon Gwendolyn Mingo, 269 Watson, Detroit, MI 49201 and counsel of record on October 22, 2010, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager